GEORGIANNA NOYES & others *vs.* WILLIAM L. STONE.

Middlesex.    November 21, 1894. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Right to cut Wood on Dower Estate — Conversion.*

A widow who does not live upon the dower estate has no right to cut the wood thereon for sale, and if a person who is acting for the widow, after being notified by those who have the next estate of inheritance, takes and carries away the wood, he may be held to have converted it, and must pay its value at the time of conversion.

CONTRACT, with a count in tort for conversion of twenty-one cords of wood, both counts being alleged to be for the same cause of action.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion. If Adeline Walker, who was the employer of the defendant, had the right to cut and carry away the wood or to authorize it to be done for her, judgment was to be entered for the defendant; if she had not the right, then judgment was to be entered for the plaintiffs for twenty-eight dollars and seventy-seven cents, or forty-nine dollars and seventy-seven cents, as the court should determine, the larger sum including the amount paid for cutting the wood.

*R. T. Lombard*, for the defendant.

*J. T. Joslin & R. E. Joslin*, for the plaintiffs.

FIELD, C. J.    We assume that Adeline Walker, the widow, had a right of dower in the two lots of land described as the "Osborn lot," and the lot of meadow land, and that her dower

was lawfully assigned to her by the Probate Court. She did not live upon the dower estate or upon any land of which her husband was seised during coverture. The widow had no right to cut the wood for sale; *Padelford* v. *Padelford*, 7 Pick. 152; or for use on another estate. *Cook* v. *Cook*, 11 Gray, 123. *White* v. *Cutler*, 17 Pick. 248. The plaintiffs, as having the next estate of inheritance, had a right to take the wood when severed. *White* v. *Cutler*, *ubi supra*. As the defendant, who was acting for the widow, after being notified by the plaintiffs of their title, took and carried away the wood, he may be held to have converted it, and must pay its value at the time of conversion, which is the larger sum named in the agreed statement of facts. *Phillips* v. *Allen*, 7 Allen, 115. *Moody* v. *Whitney*, 38 Maine, 174. See *Foote* v. *Merrill*, 54 N. H. 490. This is not an action in the nature of trespass upon real property. The first count is on an account annexed, and the second count is for conversion of the wood.                    *Judgment affirmed.*